Richard T. and Margaret H. BRIGHAM

v.

UNITED STATES of America.

Civ. A. No. 72–2283.

United States District Court,
E. D. Pennsylvania.

March 3, 1975.

---

824

Donald McDonald, Montgomery, Mc-Cracken, Walker & Rhoads, Philadelphia, Pa., Latham & Watkins, Los Angeles, Cal., for plaintiffs.

Claire Fallon, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

This is an action for the refund of Federal Income Taxes in the amount of $9,971.00 paid for the fiscal year ended December 31, 1966. In its amended an-swer, the defendant sets forth an offset defense.

It is the conclusion of this court that the defendant's offset defense is invalid and, therefore, the plaintiffs are entitled to judgment for the amount of the refund.

For the purpose of resolving this dispute, the parties have stipulated to the following facts. In 1965, Numar S.A. (hereinafter "Numar"), a corporation organized under the law of Costa Rica, adopted a plan of complete liquidation and, within twelve months thereafter, sold all of its assets to United Fruit Company (hereinafter "United") and distributed the proceeds less assets retained to meet claims to its shareholders in complete liquidation. The final liquidation distributions were received by the United States shareholders of Numar, which shareholders included plaintiffs, in 1966, the taxable year in question.

It is the defendant's position that in computing the earnings and profits of a foreign corporation pursuant to Section 1248 of the Internal Revenue Code of 1954 (hereinafter referred to as the "Code")[1] Code Section 1245 requires the inclusion of that gain realized upon the sale of the foreign corporation's assets which would have been recognized under Code Section 1245 had the corporation been a domestic corporation.

If Numar had been a domestic corporation, the tax consequences of the liquidation to Numar would have been governed by Section 337(a) of the Code, and no gain or loss would have been recognized to Numar under this Section on the sale of its assets to United. However, $210,586.00 (recaptured depreciation) of the net gain in the amount of $4,371,720.00 realized by Numar on the sale of its assets would have been subject to the provisions of Section 1245(a) of the Code and taxable as ordinary income to the corporation.

From this the Government argues that since excess depreciation is recog-

1. For the text of the pertinent Sections, see appendix.

nized as ordinary income to the corporation disposing of the property, it is taxable to shareholders of a foreign corporation upon liquidation notwithstanding the provisions of Section 1248(d)(2).

In general, Section 1248 provides that when a United States person receives a liquidating distribution from a controlled foreign corporation, which distribution is considered to be made in exchange for stock under Section 331 of the Code, then the gain recognized by the shareholder (subject to certain limitations) shall be taxed as a dividend to the extent of the earnings and profits of the foreign corporation accumulated after December 31, 1962.

Section 1248(c) of the Code provides that for purposes of Section 1248 corporate "earnings and profits . . . shall be determined according to the rules substantially similar to those applicable to domestic corporations. . . ." Section 1248(d) provides ". . . the following amounts shall be excluded . . . from the earnings and profits of a foreign corporation . . . (2) . . . earnings and profits of the foreign corporation attributable . . . to any net gain from the sale or exchange of property."

On the basis of this latter section of the Code, the plaintiffs and other shareholders of Numar excluded from Numar's accumulated earnings and profits the entire gain realized from the sale of Numar's assets to United.

The issue then is to reconcile Code Section 1248(d)(2) applying only to a twelve month liquidation of foreign corporations with Section 1245(a), which is applicable "notwithstanding any other provision of this subtitle."

One court, in construing these two provisions of the Code against the same factual background, concluded that Section 1245 "overrides" Section 1248(d)(2) and held that the excess depreciation is taxable as ordinary income to the shareholder of Numar. *Pielemeier et al. v. United States of America,* Nos. 72–3082 and 73–2013 (C.D.Cal.1974).

The rationale of that decision is that Section 1245 does not make a distinction between domestic corporations and foreign corporations and, therefore, it is applicable to both. I do not agree. Section 1245(a) requires recognition to the *corporation* of recaptured depreciation. Thus this Section deals solely with the person who disposes of depreciable property. Since a foreign corporation is not taxable, Section 1245(a) can have no bearing on the manner in which the foreign corporation treats gain on the sale of depreciable assets.

[2] But the Government argues, since Section 1248(d)(2) refers to Section 337(a) relating to a twelve month liquidation of a domestic corporation and since Section 1245(a) is admittedly a limitation on the benefits conferred by Section 337(a), it follows that Section 1245(a) also limits the benefits conferred by Section 1248(d)(2). Here again, both Sections 337(a) and 1245(a) deal with the recognition of gain to the *corporation* and not with the computation of the earnings and profits taxable to a shareholder upon liquidation.

The language of Section 1248(c)(1) providing that the earnings and profits of a foreign corporation ". . . shall be determined according to rules substantially similar to those applicable to domestic corporations . . . " does not strengthen the defendants' position because the unambiguous language of the following Subsection (d)—clearly allows exceptions to the general rule by enumerating specific items of income and gain which are to be excluded from earnings and profits.

I conclude that Section 1245(a) dealing with a manner in which a domestic corporation shall treat gain from the sale of depreciable property does not negate or limit the explicit language of Section 1248(d)(2) which authorizes a shareholder of a foreign corporation, upon liquidation, to exclude from earnings and profits any net gain from the sale or exchange of property.

If Congress meant 1245(a) to apply to foreign corporations and thus operate as an exclusion to the exclusion of 1248(d)(2), it would have tailored the language for a more suitable fit.

APPENDIX

Internal Revenue Code of 1954 (26 U. S.C.):

SEC. 1248. *Gain from certain sales or exchanges of stock in certain foreign corporations.*

(a) *General Rule.*—If—

(1) a United States person sells or exchanges stock in a foreign corporation, or if a United States person receives a distribution from a foreign corporation which, under section 302 or 331, is treated as an exchange of stock, and

(2) such person owns, within the meaning of section 958(a), or is considered as owning by applying the rules of ownership of section 958(b), 10 percent or more of the total combined voting power of all classes of stock entitled to vote of such foreign corporation at any time during the 5-year period ending on the date of the sale or exchange when such foreign corporation was a controlled foreign corporation (as defined in section 957),

then the gain recognized on the sale or exchange of such stock shall be included in the gross income of such person as a dividend, to the extent of the earnings and profits of the foreign corporation attributable (under regulations prescribed by the Secretary or his delegate) to such stock which were accumulated in taxable years of such foreign corporation beginning after December 31, 1962, and during the period or periods the stock sold or exchanged was held by such person while such foreign corporation was a controlled foreign corporation.

\*　　\*　　\*　　\*　　\*　　\*

(c) *Determination of Earnings and Profits.*—

(1) *In general.*—For purposes of this section, the earnings and profits of any foreign corporation for any taxable year shall be determined according to rules substantially similar to those applicable to domestic corporations, under regulations prescribed by the Secretary or his delegate.

\*　　\*　　\*　　\*　　\*　　\*

(d) *Exclusions from Earnings and Profits.*—For purposes of this section, the following amounts shall be excluded, with respect to any United States person, from the earnings and profits of a foreign corporation:

\*　　\*　　\*　　\*　　\*　　\*

(2) *Gain realized from the sale or exchange of property in pursuance of a plan of complete liquidation.*—If a foreign corporation adopts a plan of complete liquidation in a taxable year of a foreign corporation beginning after December 31, 1962, and if section 337(a) would apply if such foreign corporation were a domestic corporation, earnings and profits of the foreign corporation attributable (under regulations prescribed by the Secretary or his delegate) to any net gain from the sale or exchange of property.

\*　　\*　　\*　　\*　　\*　　\*

(g) *Taxpayer to Establish Earnings and Profits.*—Unless the taxpayer establishes the amount of the earnings and profits of the foreign corporation to be taken into account under subsection (a), all gain from the sale or exchange shall be considered a dividend under subsection (a), and unless the taxpayer establishes the amount of foreign taxes to be taken into account under subsection (b), the limitation of such subsection shall not apply.

SEC. 337. *Gain Or Loss On Sales Or Exchanges In Connection With Certain Liquidations.*

(a) *General Rule.—If—*

(1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and

(2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims,

then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period.

\* \* \* \* \* \*

SEC. 1245. *Gain From Dispositions Of Certain Depreciable Property.*

(a) *General Rule.—*

(1) *Ordinary income.—*Except as otherwise provided in this section, if section 1245 property is disposed of during a taxable year beginning after December 31, 1962, the amount by which the lower of—

(A) the recomputed basis of the property, or

(B) (i) in the case of a sale, exchange, or involuntary conversion, the amount realized, or

(ii) in the case of any other disposition, the fair market value of such property,

exceeds the adjusted basis of such property shall be treated as gain from the sale or exchange of property which is neither a capital asset nor property described in section 1231. Such gain shall be recognized notwithstanding any other provision of this subtitle.

\* \* \* \* \* \*

(d) *Application of Section.—*This section shall apply notwithstanding any other provision of this subtitle.

Treasury Regulations on Income Tax (1954 Code), 1.1248–2(d)(ii) (26 C.F.R.):

(ii) If a foreign corporation adopts a plan to complete liquidation in a taxable year of the corporation beginning after December 31, 1962, and if because of the application of section 337(a) gain or loss would not be recognized by the corporation from the sale or exchange of property if the corporation were a domestic corporation, then the earnings and profits of the corporation accumulated for the taxable year (computed without any reduction for distributions) shall be determined without regard to the amount of such gain or loss. See section 1248(d)(2). For the nonapplication of section 337(a) to a liquidation by a collapsible corporation (as defined in section 341) and to certain other liquidations, see section 337(c).